UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CRIM. CASE NO. 10-20338

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

FRANKLIN GONZALO SIERRA-RODRIGUEZ, et al

    Defendants.
_____/

**ORDER DENYING MOTIONS FOR SEVERANCE**

The initial two-count indictment charged all six defendants with (1) conspiracy to travel in interstate commerce with intent to commit murder, and (2) use of a firearm in furtherance of crime of violence or drug trafficking offense causing death.

The superseding indictment, filed on September 28, 2011, adds a third count charging four of the six defendants with conspiracy to possess with intent to distribute five or more kilograms of cocaine.

The two defendants not charged in count three filed motions to sever their trial from the drug-count defendants, alleging violations of Fed.R.Crim.P. 8 and 14.

Rule 8(a) states that joinder of offenses in one indictment is permissible if they are "based on the same act or transaction, or are connected with, or constitute part of a common scheme or plan."

1

Rule 8(b) states that joinder of defendants in an indictment is permitted if they are alleged to have participated in the same series of acts or transactions, and all defendants need not be charged in each count.

Rule 14(a) provides for relief from prejudicial joinder of the joinder of offenses or defendants if an indictment appears to prejudice a defendant.

In the instant case, there is a logical interrelationship/common scheme with regard to the three counts. The drug trafficking transaction charge formed the basis or predicate for the alleged murder; to wit, the victim did not pay his drug debt to Defendant Amaya who dispatched an individual to Colorado to commit the murder. Thus, even if there were no third count, background testimony of the drug dealing transaction in Count 3 would be admissible, subject to limiting instructions. However, given the addition of Count 3 limiting instructions would also specify that none of the evidence relating to the Count 3 drug transaction would be admissible against co-Defendants Baquedana or Sierra-Rodriguez as to that charge. The Court will provide the parties with an opportunity to submit appropriate limiting instructions.

The Court concludes that because drug-dealing evidence will be admissible at trial, albeit with limiting instructions, as a part of a common scheme or plan, there is no violation of Rule 8(a). Further, because the defendants are alleged to have all participated in the series of acts in committing and/or facilitating the murder, there is no violation of Rule 8(b) in their joiner.

Finally, the Court concludes that the joinder of defendants and counts in the instant trial, will not, with limiting instructions, prejudice defendants under Rule 14(a).

The Court notes that if the situation was reversed, with only some defendants charged in the murder counts, there would be stronger grounds for spillover prejudice, given the more

heinous nature of the murder counts. But, in the instant case, since all defendants are charged in the drug-related murder counts and most in the drug counts, the Court's limiting instructions regarding the two defendants not charged in the drug charge will eliminate the potential prejudice to the two non-drug defendants.

In *Zafiro v. United States*, 506 U.S. 534, 537 (1993), the Supreme Court referring to Fed.R.Crim.P. 8(b) noted that "there is a preference in the federal system for joint trials of defendants who are indicted together." The Supreme Court further noted:

> We believe that, when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent a jury from making a reliable judgment about guilt or innocence.

*Id.* at 539.

Finally, the Supreme Court noted that less drastic measures than separate trials "such as limiting instruction, often will suffice to cure any risk of prejudice." *Id.*

The Supreme Court had previously noted:

> Ordinarily, a witness whose testimony is introduced at a joint trial is not considered to be a witness "against" a defendant if the jury is instructed to consider that testimony only against a co-defendant. This accords with the almost invariable assumption of the law that jurors follow their instructions. . . .

*Richardson v. Marsh*, 481 U.S. 200, 206 (1987).

This Court finds that joinder is proper under Rule 8, and that there is no justification for a claim of relief from prejudicial joinder under Rule 14.

3

Accordingly, Defendant Baquedano's and Defendant Sierra-Rodriguez' Motions to sever are DENIED.

SO ORDERED.

DATED: 3-22-12

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE